BARNS, PAUL D., Associate Judge.
The plaintiff has appealed from, (1) an order or judgment setting aside a default and final judgment entered- by reason of the defendant’s default and in favor of the appellant-plaintiff, and (2) an order dissolving a writ of garnishment based on the final judgment and denying plaintiffs motion for a summary judgment in garnishment. We find error and reverse.
The plaintiff sued Foundation and Marine Construction Company (hereinafter referred to as “Foundation”) in assumpsit for labor and material furnished Foundation. Service of process was returned by the Sheriff of Pinellas County “not served”, reciting that after diligent search and inquiry “no officer or agent upon whom service would be binding, could be located within the limits of Pinellas County”, with the notation “Moved to Tampa a year ago —present address unknown.” Thereupon, an alias summons was issued, returned by the Sheriff of Hillsborough County and served August 12, 1963, upon Harold J. Basso as Resident Agent of Foundation “at the designated office and place of business of said defendant.”
No defense or other appearance having been made by the defendant, a final judgment was entered against the defendant for $2,376.29 on September 4, 1963. On the same day a writ of garnishment to Michael J. Bradford, d/b/a Bradford Contracting Co. which gariiishe'e made answer on October 3, 1963, .that he was indebted to the defendant Foundation in the sum of $2,-143.09 and an undetermined additional amount then being litigated. The writ of garnishment was served on September 20, 1963.
On May 28, 1964, the defendant and Burton, an intervener, moved to vacate and set aside the final judgment and to dissolve the writ of garnishment on the grounds that the complaint alleges that the principal place of business of the defendant is in Pinellas County and the records of the Secretary of State show likewise, and that the “only place of business or domicile ever designated by the defendant corporation for service of process within this state pursuant to the provisions of Section 47.34, Florida Statutes [F.S.A.] is located in Pinellas County, Florida, and was so located at time of said attempted service, as more fully appears from Certificate of the' Secretary of State of the State of Florida attached hereto.”
Domestic corporations are required by law to appoint a resident agent for the service of process, to designate its principal place of business or domicile for the service of process and to keep at such designated place persons upon whom process may be served, as follows:
“47.34 Corporations; designation of place for service of process — Every Florida corporation, * * * shall file with the secretary of state * * * a certificate designating an office, place of business or domicile for the service of process within this state, stating therein the county, city or town within this state where such office is located, which designation shall, whenever possible, include the street and number of the building wherein such office is located, the name of such building .and the iiumber' of such room or rooms in which said office, place of business or domicile within this state is located. * * ' *810 “47.35 Corporations; place where process may he served to be kept open during certain hours — Each and every corporation mentioned in § 47.34 Florida Statutes, shall keep its office, place of business or domicile, as provided in § 47.34, Florida Statutes, open from 10 :00 a. m. to 12:00 noon upon each and every day during each and every calendar year, save and except Sundays and legal holidays, and keep at such office during such hours one (1) or more officers or agents upon whom process may be served. Within ten (10) days after designating such officer or agent, it shall be the duty of such corporation to file with the secretary of state the name and a written acknowledgment of acceptance by each officer or agent upon whom service of process may be served as mentioned in this section.”
The record shows that the defendant corporation complied with the foregoing statutes to the extent of designating its principal place of business and the designation of the person actually served as its agent for the service of process. However, the defendant made no showing that it actually maintained an office at the place it designated as its principal place of business in Pinellas County at any time or that it had not moved its place of business from Pinel-las County as the Sheriff’s return gratuitously indicated; neither did it make any showing that the person served was not the person it had previously designated as its agent for the service of process (which person is shown to have been its original president).
Section 47.37, F.S.A., provides that service of process against a corporation may be served “upon any officer or agent of such corporation, found at such office, place of business or domicile, and designated under §§ 47.34 and 47.35”; this language was merely declaratory of what the law would be without its enactment. Section 47.37, supra, is remedial in nature and was not intended to place a limitation on where the designated agent could be served with process.
It appears that the only place of doing business ever designated by the records of the Secretary of State was in Pinellas County and to that extent the return of the Sheriff of Hillsborough County may be erroneous. However, it was error to vacate the judgment and to quash the writ of garnishment for want of jurisdiction of the defendant.
On October 11, 1963, Robert F. Burton filed a caveat affidavit to the effect that on October 18, 1961, Foundation had assigned to Burton all right, title and interest, legal or equitable, in and to all funds due and owing to it by Bradford out of a certain named project or contract between it and Bradford. The foregoing account receivable and the assignment of another account receivable, identified as an action at law against Batstone Construction Co., were qualified by the words:
“This assignment, though absolute, is nevertheless an assignment as collateral and security for the promissory notes, loans and advancements hereinabove mentioned and described.”
The affidavit of .Burton further stated that he advanced $2,500.00, which has not been repaid, to Foundation in reliance upon said assignments. The plaintiff thereupon filed objections to Burton’s claim and moved to quash it for failure to perfect it by filing with the Secretary of State any notice of the assignment as prescribed by Chapter 524, F.S.A., and upon the ground that Burton was a majority stockholder of the defendant corporation and that the assignment was for the purpose of defrauding the creditors of the defendant. The foregoing obj ections and motion were denied by order on December 23, 1963.
. Apparently, the appellant’s motion for summary judgment in the garnishment proceedings and the question of priorities as between the plaintiff-garnishor and inter-vener Burton were not heard on the merits *811 because of the supposed invalidity of the final judgment. Hence, upon remand, these matters may be submitted to the lower court for determination.
Reversed and remanded for further proceedings not inconsistent herewith.
ALLEN, C. T., and PIERCE, J., concur.